TRIPLETT *v.* ATTWOOD.

## Opinion delivered April 1, 1918.

1. ADMINISTRATION—ASSIGNMENT OF DEBT—AUTHENTICATION.—In order for the application of Kirby's Digest, sec. 118, two things must concur: There must be an assignment of a claim against the deceased after the death of the debtor, and the claim must have been held by some one when the debtor died.

2. ADMINISTRATION—CLAIM AGAINST DECEASED DEBTOR—CLAIM IN CUSTODIA LEGIS.—A claim or note against a deceased person which passed to the State Bank Commissioner, and then to the chancery court, under Act 113, Acts of 1913, is not held by a person within the meaning of Kirby's Digest, sec. 118.

3. BANKS AND BANKING—LIQUIDATION—ASSETS.—During the process of liquidation of a bank, under the State banking laws, the bank, although not dissolved, does not and can not hold any of its assets.

4. ADMINISTRATION—DEATH OF DEBTOR—CLAIMS AGAINST—ASSIGNMENT OF CLAIM.—Kirby's Digest, sec. 118, applies only to an assignor or assignee in fact, and has no application to a court or its commissioner and the purchaser or vendee at a judicial sale.

Appeal from Cleveland Circuit Court; *Turner Butler,* Judge; reversed.

*Rowell & Alexander,* for appellant.

There was no assignment of the note as contemplated by statute. Appellant obtained by purchase at judicial sale of the assets of the Pine Bluff bank under Act 113, Acts 1913, page 642; 125 Ark. 17. This was a judicial sale. Rover on Judicial Sales, page 1. The court was the vendor. 23 Ark. 39. The assets of the bank were *in custodia legis.* 24 Cyc. 6. Appellant is not an assignee under § 118 Kirby's Digest; 53 Pac. 70; 96 Ala. 501; 31 Ark. 643; 79 Atl. 647. The only affidavit required was made by Triplett.

*M. Danaher* and *Palmer Danaher,* for appellee.

The suit was properly dismissed for want of proper authentication. Kirby's Digest, § § 118, 119. There was an assignment to Triplett as assignee. 5 C. J. 838-9.

HUMPHREYS, J. This suit originated in the probate court of Cleveland county. C. H. Triplett became

the owner of the note involved in the litigation on the 1st day of April, 1914, by virtue of the purchase of the assets of the Bank of Pine Bluff under a judicial sale ordered by the chancery court. The chancery court acquired jurisdiction over the note on July 2, 1914, along with other property of the bank, on petition of the Bank Commissioner of the State of Arkansas, who had taken possession of the bank's property under the provisions of Act 113, Acts 1913, when the bank failed. The note in question was executed on the 9th day of April, 1914, by W. D. Attwood, Sr., who died on the 10th day of October, 1914. The note matured on the 9th day of October, 1914. E. T. Attwood was appointed executor of the estate of W. D. Attwood, Sr., deceased, on the 19th day of October, 1914. On the 15th day of May, 1915, C. H. Triplett presented the note to the executor, authenticated in form required by section 114 of Kirby's Digest. The executor disallowed the claim on May 15, 1915, and, on May 28, following, the probate court heard the evidence in the case and adjudged a disallowance of the claim, from which judgment an appeal was prosecuted to the circuit court. In the circuit court, the executor moved for a nonsuit for the reason that the claim was not authenticated in the manner required by law. The court sustained the motion and rendered a judgment of nonsuit, from which an appeal has been prosecuted to this court.

It is insisted that the court erred in holding that section 118 of Kirby's Digest applied to the claim in question and in holding that the authentication was fatally defective because it did not conform to the requirements of said section.

Section 118 of Kirby's Digest is as follows:

"If the debt be assigned after the debtor's death, affidavit shall be made by the person who held the debt at the death of the debtor, as well as the assignee."

This section imposes the duty upon the assignee or holder of the claim not only to authenticate it himself but to procure an authenticating affidavit from the party who held the claim when the debtor died, if the claim

was assigned after the debtor's death. In order for this section to be applicable, two things must concur: There must be an assignment of the claim after the death of the debtor and the claim must have been held by some person when the debtor died. In the instant case, neither one of these things existed. The claim was never assigned to appellant, and at the time the debtor died, the claim or note was *in custodia legis.* The appellant procured title to the note under and by virtue of a judicial sale and not by assignment; so there was no assignment of the claim after the death of the debtor. On July 2, 1914, the note or claim passed into the hands of the bank commissioner and immediately thereafter, by the filing of the bank commissioner's inventory with the chancery clerk, into the custody and control of the chancery court, under and by virtue of Act 113, Acts 1913, so, it can not be said that any person, within the meaning of the statute, held the claim at the time the debtor died. It was in the custody of the law. It is asserted, however, that the Bank of Pine Bluff was the holder of the note when the debtor died, and, for that reason, the officials of the bank should have made the authenticating affidavit. The assets of the bank passed out of the control and possession of the officers of the bank on July 2, 1914, when the bank went into liquidation under the banking laws of the State. The operation of the bank as a going and holding concern was suspended until its assets were administered by the bank commissioner through the chancery court. It is true the corporation was not dissolved, but, during the period of suspension, it did not and could not hold any of its assets. Act 113, Acts 1913, sections 45-46; 34 Cyc. page 267.

The court is of opinion that section 118, Kirby's Digest, applies only to an assignor or assignee in fact and has no application to a court or its commissioner and the purchaser or vendee at a judicial sale. The title to the note in question passed to appellant at a judicial sale and the court ordering the sale must be regarded as a vendor. There is nothing in the section indicating that

the word ''person'' was intended to include a court, and there is no intimation in the language that the section was intended to apply to judicial sales. Triplett was not an assignee within the meaning of said section and it was not necessary for him to append an affidavit of the court, the bank commissioner or the bank officials to his demand. Section 114 of Kirby's Digest provides that the claimant shall append an affidavit to the demand stating ''that nothing has been paid or delivered towards the satisfaction of the demand, except what is credited thereon, and that the sum demanded, naming it, is justly due.'' No contention is made that appellant failed to comply with this section.

The court having improperly nonsuited the appellant, the judgment of nonsuit is reversed and the cause remanded for further proceedings not contrary to this opinion.